Argued and submitted January 22, affirmed on appeal; cross-appeal dismissed
August 24, 1988

# STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

# MICHELLE PRICE,
*Respondent - Cross-Appellant.*

## (86D 104599; CA A44984)

759 P2d 1130

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jeff J. Carter, Salem, argued the cause for respondent - cross-appellant. With him on the brief were Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant was charged with possession of less than an ounce of marijuana. ORS 475.992(4)(f). The state appeals from a pretrial order suppressing evidence seized from defendant's purse. We affirm.

On September 25, 1986, defendant moved to suppress the evidence obtained from her purse pursuant to a search warrant on the basis that the initial seizure of the purse was unlawful. At the suppression hearing, investigator Carroll testified that he received information that defendant had marijuana in her purse at approximately 1:05 p.m. He confronted her at work at 1:50 p.m and advised her that the Department of Justice was investigating drug use by employes and that he had information that she had marijuana in her possession. She refused to accompany him to his office or to permit a search of her purse. Carroll seized the purse and applied for a search warrant. On April 8, 1987, the trial court issued a letter opinion denying defendant's motion to suppress, but did not enter an order until July 27, 1987.

In the meanwhile, with the trial court's permission, defendant filed a second motion to suppress on April 30, 1987, on the grounds that there was no lawful warrant issued for the seizure and search and no probable cause. The trial court granted the motion on May 1, 1987, and an order was entered on June 24. The state appeals.[1]

The warrant issued on July 18, 1986, for the search of defendant's purse was supported by an affidavit by Carroll, which reads, in relevant part:

"2. In my capacity as a peace officer * * *, I was contacted within the last eight (8) hours by a confidential reliable informant, hereafter known as CRI. * * *

"3. The CRI advised me that a person known as Michelle

---

[1] Defendant cross-appeals, challenging the order entered on the first motion to suppress, which determined that there were probable cause and exigent circumstances justifying the initial seizure of her purse. However, that order was entered *after* the state filed its notice of appeal of the order entered on the second motion. Consequently, the trial court was without jurisdiction to enter the order on the first motion. That order is a nullity, and defendant's cross-appeal is dismissed for want of an appealable order. ORS 19.033(1); *see Murray Well-Drilling v. Deisch*, 75 Or App 1, 704 P2d 1159 (1985).

Price who works in Trial Division at the Department of Justice is a frequent user of marijuana. The CRI advised that the CRI has personally observed Michelle Price smoking marijuana on several occasions. The CRI advised that Michelle Price brings marijuana with her to work on a regular basis. The CRI advised that Michelle Price frequently smokes marijuana that she brings to work during her lunch or coffee breaks.

"4.   The CRI advised that Michelle Price and her boyfriend, Rick Thacker, were 'busted' at Jory Hill Park in Salem approximately two weeks ago. The CRI advised that Michelle Price received a citation for possession for [sic] less than one ounce of marijuana from the police officer. The CRI advised that Michelle Price had told the CRI that she (Price) was lucky that the police officer had not found her 'crank' and pills located within her purse. (I know from past experience that 'crank' refers to methamphetamine.)

"5.   The CRI advised that within the past four (4) hours the CRI had observed a quantity of marijuana located within a green cloth cigarette case inside Michelle Price's white leather purse. The CRI stated that Michelle Price is on this date working at the second receptionist desk in Trial Division on the fourth floor of the Justice Building. The CRI advised that Michelle Price is wearing a grey and pink pullover sweater, grey slacks and pink shoes. The CRI advised that the purse is a large, white leather lady's handbag with a shoulder strap and is located under the receptionist desk.

"6.   It was determined through a check of Oregon State Police records that on July 8, 1986, at 9:35 p.m., Oregon State Police Trooper Scott T. Lorimar issued a citation to appear in court to Michelle Ann Price for Possession of a Controlled Substances Less than One Ounce of Marijuana. This citation was issued at Jory Hill Park. I contacted Trooper Lorimar and he also advised that he issued a citation to a juvenile subject named Thacker on the same occasion.

"7.   That on July 18, 1986, at 1:50 p.m., I went to the Trial Division on the Fourth floor of the Justice Building and there observed a female subject seated at the second receptionist desk wearing a pink and grey pullover sweater, grey slacks and pink shoes. This person identified herself to me as Michelle Price. Located beneath the receptionist desk was a large white lady's leather purse with a shoulder strap. The purse was partially unzipped and a green cloth cigarette case was visible through the opening. Michelle Price identified this purse as belonging to her. This purse was seized as evidence

and logged into the Department of Justice Criminal Division evidence storage. Based on the above information, your affiant requests a search warrant to search said property for marijuana in violation of ORS 475.992, the opening of closed containers and the analysis of substances located."

The state argues that the trial court erred in holding that the affidavit for the search warrant contained no information from which the magistrate issuing the warrant could independently determine the veracity of the informant. We do not reach that issue, however, because we conclude that there were no exigent circumstances justifying the warrantless seizure and, therefore, that all fruits of the unlawful seizure were properly suppressed.

■       Article I, section 9, of the Oregon Constitution provides safeguards against both searches and seizures. *State v. Owens,* 302 Or 196, 205, 729 P2d 524 (1986). A warrantless seizure or search is *per se* unreasonable unless it falls within one of the limited exceptions to the warrant requirement. *State v. Davis,* 295 Or 227, 237, 666 P2d 802 (1983). The state argues that there were exigent circumstances justifying the seizure of defendant's purse while Carroll sought a search warrant, because she reportedly was carrying a small amount of marijuana that she could easily conceal, consume or destroy during her free time at work. We disagree.

■       The exigent circumstances exception to the warrant requirement is a recognition that practical necessity may require that evidence be seized before a warrant can be obtained. *State v. Nicholson,* 89 Or App 306, 310, 748 P2d 1028 (1988). Here, however, we conclude that practical necessity did not require that the evidence be seized before a warrant could be obtained. The affidavit indicates that defendant was bringing marijuana to work on a regular basis and frequently smoking it on her breaks. The risk that she might attempt to conceal or destroy the evidence arose as a result of the officer's own inquiry, but an officer cannot create exigent circumstances by his own action or inaction. *See State v. Fondren,* 285 Or 361, 367, 591 P2d 1374, *cert den,* 444 US 834 (1979). The inconvenience and delay in obtaining a warrant does not, alone, justify a warrantless seizure. No emergency situation existed. Accordingly, the warrantless seizure was invalid.

Affirmed on appeal; cross-appeal dismissed.