Argued and submitted January 29, reversed and remanded with instructions to dismiss April 28, appellant's petition for reconsideration filed May 11 allowed and appellant's *pro se* petition for reconsideration filed May 12 denied by opinion June 30, 2004

See 194 Or App 28, 92 P3d 766 (2004)

# STATE OF OREGON,
*Respondent,*

*v.*

# MARTIN ALLEN JOHNSON,
*Appellant.*

## 9800590; A116313

90 P3d 4

Susan F. Drake, Deputy Public Defender, argued the cause for appellant. On the brief were David E. Groom, Acting Executive Director, Office of Public Defense Services, and Mary M. Reese, Senior Deputy Public Defender.

Martin Allen Johnson filed the *pro se* supplemental appellant's brief.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

Defendant appeals a judgment of conviction for rape in the third degree, ORS 163.355, challenging the trial court's denial of his motion to dismiss on speedy trial grounds. We conclude that the motion should have been granted under ORS 135.747, because defendant neither caused nor consented to the delay in his prosecution and because the length of the delay was unreasonable. Accordingly, we reverse and remand for entry of judgment of dismissal without prejudice.

The pertinent facts are procedural. Early in 1998, defendant became a "person of interest" in a homicide investigation in Washington County, and he fled the state after his home was searched in connection with that investigation. In the course of the homicide investigation, police discovered information that led them to a minor female who disclosed that she had had sexual intercourse with defendant in Clackamas County in 1997. As a result of that disclosure, a Clackamas County grand jury indicted defendant in April 1998 on one count of rape in the third degree and two counts of sexual abuse in the third degree. A warrant for defendant's arrest issued a few days later but was not served because defendant was no longer in the state. Meanwhile, defendant was indicted in Washington County on an unrelated charge of aggravated murder.

Nearly two years later, in February 1999, defendant was arrested in Florida. Within days, Washington County issued a warrant for defendant's arrest on the aggravated murder charges pending in that county. Defendant waived extradition and was returned to Washington County. On March 4, 1999, defendant was returned to Oregon, and Clackamas County placed some form of "hold" on defendant.[1] Defendant was not, however, served with the Clackamas County warrant for his arrest.

---

[1] The record contains scant information about the nature of this "hold." Defendant, appearing *pro se* below, referred to it as a detainer. The prosecutor referred only to the fact that the Clackamas County jail placed a "hold" on defendant. Beyond those representations, what was done, by what authority it was done, and any documentation of what was done are not a matter of record.

Months passed. To be precise, more than 20 months passed from the date of defendant's return to Oregon without Clackamas County taking any action to pursue the charges pending against defendant in that county. Then, according to defendant, in November 2000 he learned inadvertently from Washington County Jail officials that Clackamas County had placed a hold on him, which in turn caused him to learn of the Clackamas County charges. Defendant requested a speedy trial on the Clackamas County charges. In response, on December 20, 2000, defendant was served with an arrest warrant on the Clackamas County charges and arraigned the following day.

Trial on the Clackamas County charges initially was scheduled for February 9, 2001. The date was postponed several times, on defendant's motion or that of his attorney (during times that defendant was represented). Defendant waived his speedy trial rights for purposes of any postponements that occurred after the scheduled trial date. But he preserved them—and the trial court understood him to do so—as to the state's delay in bringing his case to trial between the time that he was returned to Oregon custody and the time that Clackamas County served its arrest warrant and arraigned him. Eventually, defendant moved to dismiss the Clackamas County charges on both constitutional and statutory speedy trial grounds. The trial court denied the motion, concluding that the delay between indictment and service of the warrant was "attributable to the defendant's absence from the State of Oregon." The trial court further concluded that, once defendant was returned to Oregon and requested a speedy trial, he was promptly "served with the arrest warrant and arraigned." Further delays in defendant's prosecution were "at the request of the defendant in order to prepare the case."

■　　On appeal, defendant challenges only the trial court's ruling on his statutory right to speedy trial. Defendant points out that approximately three years and five months elapsed between his indictment and trial. Defendant acknowledges, however, that not all of that delay is attributable to the state. In particular, he agrees that the state could not serve the arrest warrant because he had absconded and

that the state's first opportunity to do so came when defendant was brought to Oregon from Florida and lodged in the Washington County jail. Defendant also agrees that the postponements of his trial at his request are not attributable to the state. Defendant asserts, however, that the delay in the prosecution of his case for more than 20 months "while he sat in the Washington County Jail awaiting trial on aggravated murder" is attributable entirely to the state and violated ORS 135.747. In response, the state argues that defendant impliedly consented to that delay by "elect[ing] to wait 20 months" before requesting a speedy trial on the Clackamas County charges, and that the delay was reasonable because it was appropriate for the state to proceed to trial first on the most serious charge against defendant (*i.e.*, the aggravated murder charge in Washington County).

ORS 135.747 provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The statute applies to delays between indictment and arrest. *State v. Rohlfing*, 155 Or App 127, 130, 963 P2d 87 (1998). A defendant is entitled to dismissal under the statute if the defendant did not cause or consent to the delay and if the case has not been brought to trial within a reasonable period of time. *State v. Emery*, 318 Or 460, 470-71, 869 P2d 859 (1994); *State v. Green*, 140 Or App 308, 310-11, 915 P2d 460 (1996). Whether defendant was brought to trial within a reasonable period of time is a question of law that we review for legal error. *State v. Kirsch*, 162 Or App 392, 394-95, 987 P2d 556 (1999).

We turn to the first prong of the statutory inquiry: whether defendant consented to or caused the delay. Although the state acknowledges that defendant did not expressly consent to the pertinent delay in his prosecution, it argues that he impliedly did so. Specifically, the state argues that defendant knew about the Clackamas County charges while he was awaiting trial in Washington County and that he impliedly consented to the delay by doing "nothing to

notify the state or the court of his desire to proceed to trial on those charges."

There are two problems with the state's argument. The first is that the record does not establish the factual predicate for it. The state presented no evidence that defendant knew of the Clackamas County charges. In that regard, the state argues that the charges "would have been readily apparent to defendant almost as soon as he arrived in Oregon." But the state provides no support or further explanation for that argument, and we fail to see why it would be necessarily so. Likewise, contrary to the state's position, there is no basis on this record to infer that defendant necessarily or likely knew that Clackamas County had placed a "hold" on him. Consequently, the mere existence of the hold, without more, permits only speculation as to whether defendant was aware of the Clackamas County charges.[2]

The second problem with the state's argument is that, as a legal matter, implied consent does not arise from the mere failure on a defendant's part to insist that the state bring a case to trial. That is true regardless of the defendant's awareness of the charges against him or her. For example, in *Emery*, the defendant knew of the charge against him and appeared for trial on the scheduled date, apparently unaware that the trial judge had removed himself from the case due to a conflict of interest. When the trial did not take place as scheduled, the defendant and the state unsuccessfully engaged in plea negotiations. Beyond that, the state made no effort to bring the defendant to trial until more than two years had elapsed, and the defendant did nothing during that time to demand a speedy trial. *Emery*, 318 Or at 462-63. The Supreme Court concluded that the delay was not attributable to the defendant's consent. *Id.* at 471. *See also Rohlfing*, 155

---

[2] In passing, the state argues that the issue of defendant's knowledge is disputed and that we should defer to the trial court's implicit findings on the point. But the state does not cite any place in the record where that fact was placed in dispute before the trial court, nor has our review of the record revealed that it was. Rather, the prosecutor appeared to accept defendant's representation that defendant first learned of the charges in November 2000, and the prosecutor focused his arguments on whether defendant had been prejudiced by any delay. *But see Emery*, 318 Or at 470 (prejudice inquiry is irrelevant to a statutory speedy trial claim). The trial court made no findings on the point and, indeed, did not even address the delay between defendant's return to Oregon and his arraignment.

Or App at 131 (the defendant did not impliedly consent to delay where he was unaware of the indictment and did not move or leave the state to avoid arrest). In other words, it remains true that "[t]he law imposes no duty on a defendant, charged with a crime, of calling his case for trial or insisting that it be set for trial at any particular time. That duty devolves upon the state." *State v. Chadwick*, 150 Or 645, 650, 47 P2d 232 (1935), *overruled in part on other grounds by State v. Crosby*, 217 Or 393, 342 P2d 831 (1959).

■ The remaining question is whether the delay was reasonable considering all of the circumstances. Factors to be considered in determining the reasonableness of the delay include the nature of the charges, the length of the delay, and the state's explanation—or lack of one—for failing to bring the case to trial. *State v. Davids*, 193 Or App 178 , 183-84, 90 P3d 1 (2004). In general, when a defendant has not consented to the delay and the state does not offer an explanation for it, delays of 15 months or more are unreasonable. *Id.* at 183 n 4 (surveying cases).

Here, at the hearing on defendant's motion to suppress, the state offered no explanation for its failure to take any steps whatsoever to bring defendant's case to trial in Clackamas County. Tellingly, once defendant requested a speedy trial, the state responded within less than a month by serving the outstanding arrest warrant on defendant and arraigning him the next day. Those facts suggest that the delay was due to neglect, oversight, or lack of interest.

On appeal, the state argues for the first time that the delay was reasonable because it was "in defendant's best interests." More specifically, the state argues that the delay benefitted defendant by allowing him to defend the aggravated murder charge in Washington County without distraction. The first problem with that argument is that it was not advanced below and, consequently, the record is undeveloped in that regard. In particular, nothing in the factual record establishes that the Clackamas County prosecutor delayed serving defendant with the arrest warrant and bringing him to trial for that reason. Second, and in all events, defendant's speedy trial right was his to waive, not the state's.[3]

[3] The state also argues for the first time on appeal that it was logistically too difficult and inefficient to prosecute the Clackamas County charges while the most

In sum, defendant neither caused nor consented to the unexplained delay in the prosecution of the Clackamas County charges. Those facts, coupled with the length of that delay—more than 20 months—render the delay unreasonable. We therefore conclude that defendant's motion to dismiss on statutory speedy trial grounds should have been granted.

Reversed and remanded with instructions to dismiss without prejudice.

---

serious charge (aggravated murder) was being pursued in Washington County. But the state did not make a record in that regard—that is, the Clackamas County prosecutor did not voice any such concern at the hearing on the motion to dismiss. On the current record, the state's argument is undercut by the speed with which Clackamas County responded once defendant requested to be tried.