Argued and submitted January 12, decision of Court of Appeals and judgment of circuit court affirmed August 4, 2005

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# MICHAEL C. ADAMS,
aka Michael Cory Adams,
*Respondent on Review.*

(CC D9906823T; CA A119362; SC S51598)

116 P3d 898

Christina M. Hutchins, Assistant Attorney General, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Assistant Attorney General.

William Uhle, Portland, argued the cause and filed the brief for respondent on review.

GILLETTE, J.

## GILLETTE, J.

This is the third of three cases that we decide today under the so-called speedy trial statutes, ORS 135.745 to 135.750. This case arises out of defendant's motion to dismiss on the ground that the state had failed to bring him to trial within a "reasonable period of time" under ORS 135.747.[1] The case differs from the other two cases in that the trial court here granted defendant's motion,[2] and the Court of Appeals affirmed that ruling. *State v. Adams*, 193 Or App 469, 89 P3d 1283 (2004). In seeking review of the Court of Appeals decision, the state focuses on the reasoning that the trial court and the Court of Appeals shared—namely, that defendant's trial had been delayed unreasonably, that most of the delay could be traced to certain funding choices that the state legislature made, that the state ultimately must be held responsible for that part of the delay, and that the indictment therefore must be, and properly was, dismissed under ORS 135.747. The state argues that that reasoning is erroneous because it suggests that a lack of judicial resources is not a legitimate justification for trial delay under ORS 135.747. We conclude that, whether or not the reasoning of the trial court and the Court of Appeals was erroneous, the ultimate conclusion of both courts that defendant had not been brought to trial within a reasonable time was correct.

The relevant facts are as follows. On November 16, 1999, police cited defendant for Driving Under the Influence

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

[2] In *State v. Johnson*, 193 Or App 250, 90 P3d 4, *adh'd to on recons*, 194 Or App 28, 92 P3d 766 (2004), the trial court denied the defendant's motion to dismiss. The Court of Appeals reversed and remanded to the trial court with instructions to dismiss without prejudice. We affirmed the Court of Appeals decision. *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005). In *State v. Davids*, 193 Or App 178, 90 P3d 1 (2004), the trial court also had denied the defendant's motion to dismiss. The Court of Appeals concluded that the trial court should have dismissed without prejudice pursuant to ORS 135.747. The Court of Appeals noted, however, that, because the statute of limitations for defendant's crimes had passed, the trial court's dismissal on remand must be final. *Id.* at 182. We affirmed that decision. *State v. Davids*, 339 Or 96, 116 P3d 894 (2005).

of Intoxicants (DUII), ORS 813.010, and ordered him to appear in Washington County Circuit Court on December 15, 1999. Five days later, police cited defendant for another DUII offense and ordered him to appear in circuit court (again, in Washington County) on December 20, 1999. Defendant failed to appear on December 15, but he did appear on December 20, 1999, and pleaded "not guilty" to both charges at that time. The trial court then ordered him to appear on February 14, 2000, for a pretrial conference.

Defendant failed to appear for the scheduled pretrial conference.[3] However, defendant's attorney appeared in court on February 28, 2000, to file a "demand for speedy trial." A few days later, on March 2, 2000, defendant attended a rescheduled pretrial conference and, at that time, rejected a plea offer by the state. The trial court then scheduled a trial on both charges for August 18, 2000.

A month before the scheduled trial, the state moved for a continuance on the ground that an essential witness would be unavailable. The trial court granted the state's motion and rescheduled defendant's trial for January 30, 2001. On January 30, 2001, defendant requested a continuance on the ground that defendant's lawyer had a scheduling conflict. The trial court granted defendant's request and rescheduled the trial for May 31, 2001. On May 31, 2001, the trial court reset the trial on its own motion for October 17, 2001, on the ground that no judges were available to try the case. On October 12, 2001, the trial court again reset the date of trial because no judges were available—this time for March 7, 2002.

Prior to the March 7, 2002, trial date, defendant filed a motion to dismiss on statutory and constitutional speedy trial grounds. The trial court denied defendant's motion, and the trial occurred as scheduled. At the close of the trial, the jury convicted defendant of the second (November 21, 1999) DUII charge, but could not reach a decision on the first

---

[3] The trial court issued a "failure to appear" arrest warrant when defendant failed to appear, but revoked the warrant when defendant appeared to file his speedy trial motion. A notation on the revocation order suggests that the trial court found that defendant had been told, in error, not to appear for the February 14, 2000, pretrial conference.

(November 16, 1999) DUII charge. The court declared a mistrial on that charge and set the matter over for retrial on August 20, 2002.

A few weeks before the scheduled retrial, defendant filed another motion to dismiss for lack of a speedy trial, again raising both statutory and constitutional arguments. On August 20, 2002, the judge assigned to try the case considered defendant's motion and decided that the indictment should be dismissed on statutory grounds. The judge opined that defendant's trial had been "unduly" delayed and noted that a substantial portion of the delay had occurred because of a persistent shortage of judges to hear criminal cases in Washington County. The judge noted that, in his view, that shortage was the result of a deliberate funding decision by the state legislature.[4] The judge concluded that the state ultimately was responsible for the delay and that the indictment must be dismissed.

The state appealed, arguing that the trial court had erred in (1) refusing to recognize that, by failing to object to certain postponements, defendant had consented to those postponements for purposes of ORS 135.747, and (2) holding that the delay in question was unreasonable for purposes of ORS 135.747, in spite of the fact that it arose out of a lack of judicial resources.

As noted, the Court of Appeals rejected both arguments and affirmed. With respect to the first argument, the court concluded that, for purposes of ORS 135.747, "consent" to a delay must involve some affirmative statement or action, not a mere failure to object. *Adams*, 193 Or App at 473. With respect to the state's second argument, the court rejected the state's underlying premise that the court should not hold the state responsible for the delay in question because it was beyond the state's control:

---

[4] The judge explained, in that regard:

"[T]he legislature has chosen—now, I know they have a limited amount of money called the general fund * * * and they have to make decisions in where to spend it. * * * And I agree with [another judge] that the reason this case did not go to trial within a reasonable period of time, within what we call the statutory aspects of the case, is because the legislature chose to spend our money elsewhere."

"[I]t could not be argued that the delay resulted from unavoidable circumstances over which the state had no control. The state, as a unitary political entity, is the plaintiff in this case: *State v. Adams.* 'The state' includes the legislative branch as well as the executive officers who apprehended and prosecuted defendant and the judicial officers who tried him. As such an entity, 'the state' has evidently chosen not to expend the resources necessary to bring defendant to trial in under 23 months. That may or may not have been a reasonable decision; it is not our office to sit in judgment on the reasonableness of the legislature's funding priorities. It is our office, however, to interpret the legislature's command that defendants be brought to trial within a reasonable period of time, a different inquiry entirely. In the present case, the state did not do so."

*Id.* at 475 (boldface in original).

■ Before this court, the state continues to press its theory that, for purposes of ORS 135.747, "consent" includes a mere failure to object. This court's cases are, however, contrary to that position. *See, e.g., State v. Chadwick*, 150 Or 645, 650, 47 P2d 232 (1935) ("where the statute refers to the consent of defendant, it means his express consent").

The state also argues that defendant must be deemed to have consented affirmatively or expressly to certain delays in this case that, thus far, have not been counted against him. Only one of those delays is of any significance— the five-month delay occasioned by the state's July 17, 2000, motion for a postponement. That delay occurred on the state's written application. However, the state points to a statement in the state's application that "the defense attorney * * * does not object to this reset request," and asserts that that statement shows that defendant expressly consented to the delay. We disagree. In cases like the present one, a lack of objection is just (and only) that: a lack of objection. It conveys no message that the defendant either joins in the motion or waives any rights that he has that are affected by the motion. It follows that we agree with the Court of Appeals that, in this statutory context, a recital by the state that defense counsel has "no objection" is insufficient to place a defendant's express consent on the record, as *Chadwick* requires.

■ We turn, then, to the state's other argument—that the dismissal was erroneous because a lack of judicial resources caused the delay in question and the delay, therefore, was "reasonable" for purposes of ORS 135.747. Before we consider that argument, however, we first must identify the period of delay with more particularity. In the present case, a period of 27 months passed from the time that defendant was charged by complaint on the first DUII citation[5] on December 10, 1999, until he was tried on that and the other DUII charge on March 7, 2002. In evaluating the reasonableness of that time period, we must exclude from consideration any postponement that occurred "upon the application of the defendant *or by the consent of the defendant.*" ORS 135.747. In the present case, that means that we subtract the four-month postponement that resulted from defendant's January 30, 2001, request for a setover from the 27-month period. Thus, our task is to determine whether the remaining period—23 months—was a "reasonable period of time" for the state to bring defendant to trial.[6]

■ For purposes of ORS 135.747, a "reasonable period of time" is "such length of time as may reasonably be allowed or required having regard to attendant circumstances." *State v. Emery*, 318 Or 460, 467, 869 P2d 859 (1994) (quoting *State v. Jackson*, 228 Or 371, 377, 365 P2d 294 (1961)). The "attendant circumstances" include the circumstances that cause delay, *i.e.*, the reasons for delay. *State v. Johnson*, 339 Or 69, 88, 116 P3d 879 (2005). This court's older cases hold that a trial court has "good cause" to continue a trial until a later date if it has no room for the case on its present docket. *See, e.g., State v. Bateham*, 94 Or 524, 529, 186 P 5 (1919) (continuing case for lack of judicial time is "good cause" for denying statutory speedy trial motion); *State v. Lee*, 110 Or 682, 687, 224 P 627 (1924) (right to speedy trial not contravened when "accumulation of business render[s] trial impossible"); *State*

---

[5] As discussed in *Johnson*, 339 Or at 93, the clock begins to run, for purposes of the "reasonable period of time" determination of ORS 135.747, when the defendant is "charged with a crime."

[6] Before this court, the state also argues that defendant is categorically excluded from the dismissal remedy provided in ORS 135.747 because trial was postponed at least once on defendant's application. We rejected that construction of ORS 135.747 in *Johnson*, 339 Or at 94.

*of Oregon v. Kuhnhausen*, 201 Or 478, 537-38, 266 P2d 698, 272 P2d 225 (1954) (trial court may find that an accumulation of cases already set constitutes good cause for continuing a criminal case). That principle recognizes the obvious fact that trial courts must have some ability to reschedule proceedings to deal with an unpredictable workload. The trial courts, in other words, must have control over their own dockets.

Although the state relies heavily on the foregoing point, it also seems to be suggesting that docket congestion becomes an even more compelling justification for delay—and thus makes an even longer delay "reasonable"—if it arises out of a legislative policy choice.[7] If that is the state's point, then we disagree. The question whether a legislative policy choice is reasonable within the universe of considerations that go into that policy choice is entirely separate from the question of whether a time period required to bring a defendant to trial is "reasonable" for purposes of ORS 135.747. Accordingly, the fact that docket congestion ultimately arises out of a legislative policy neither expands (as the state argues) nor contracts (as the trial court apparently believed) the period of time that otherwise would be considered reasonable.

We do agree with the state's narrower point, *viz.*, that an overcrowded docket or, as the state would phrase it, a "lack of judicial resources," can justify at least *some* trial court decisions to postpone a trial for a certain length of time. Certainly, in ordinary circumstances, we would not think of a trial court's decision to postpone because of docket congestion as creating an unreasonable delay *per se*.

However, the fact of an overcrowded docket can only go so far in expanding the period of time that will be considered "reasonable" for purposes of ORS 135.747. At some point, the focus must shift away from whether the various

---

[7] The state suggests, for example, that "[i]f the legislature has directed courts to operate on restricted budgets, those limited resources will necessarily drive the inquiry of what constitutes a 'reasonable' time within which to bring an offender to trial."

postponement requests and decisions *individually* are justifiable to whether the overall period of time to bring the defendant to trial is "reasonable" *in toto*.

■       We think that the time period at issue here— 23 months, excluding the delay that defendant himself caused—goes beyond the reasonable limit. Although it is difficult to identify the point at which delay becomes unacceptable, we think that a delay that roughly equals the statute of limitations for the crime at issue is too long.[8] Although statutes of limitation clearly serve a different purpose than the speedy trial statutes, they nevertheless provide some indication of what the legislature views as the outer limit of reasonableness for proceeding against a defendant for a given crime. If two years is the limit for *commencing* a DUII prosecution, then it certainly must be beyond the reasonable time for bringing to trial a defendant whom the state already has charged with DUII.[9]

We hold that defendant in the present case was not brought to trial within a "reasonable period of time" for purposes of ORS 135.747. The trial court properly dismissed the indictment, and the Court of Appeals properly affirmed the trial court's decision to dismiss.[10]

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[8] Defendant's crime of DUII is a misdemeanor. The general statute of limitations for misdemeanors is two years. ORS 131.125(6)(b).

[9] Our utilization of the applicable statute of limitations in this case does not, of course, mean that *only* such extreme delays will require dismissal pursuant to ORS 135.747; *Johnson* and *Davids* illustrate otherwise. Neither are we holding that a delay of that magnitude never can be justified; we do not have the ability to foresee every possible variation of facts that may occur. We simply hold here that the delay is extreme and is not justified by the reason that the state presents.

[10] In *Johnson*, 339 Or at 90, we concluded that trial courts have discretion to continue, in spite of an unreasonable delay in bringing a defendant to trial, if "sufficient reason" to override the mandate of dismissal is shown. Here, where the trial court granted defendant's motion to dismiss, there is no occasion to consider that additional step.