On appellant's motion for reconsideration filed August 16, 2005; resubmitted en banc March 8, reconsideration allowed; former disposition (200 Or App 734, 118 P3d 282 (2005)) withdrawn; reversed and remanded March 22, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# ANDREW J. HICKEY,
*Appellant.*

0102091CR; A122364

131 P3d 853

John Henry Hingson, III, for motion and appellant's supplemental brief.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, filed the supplemental brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Schuman, Ortega, and Rosenblum, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appealed his conviction for driving under the influence of intoxicants (DUII), ORS 813.010, asserting that his speedy trial rights were violated. ORS 135.747. We affirmed without opinion. *State v. Hickey*, 200 Or App 734, 118 P3d 282 (2005). Defendant asks us to reconsider our decision in light of recent Oregon Supreme Court cases, which defendant argues directly address his claim of error. We grant the petition for reconsideration and withdraw our former disposition.

Defendant was arrested on July 14, 2001, charged with DUII by information on July 18, 2001, entered a not guilty plea on July 30, 2001, and was tried and convicted on June 24, 2003. The period between the filing of the information and the day of trial was 706 days, or approximately 1.9 years. Defendant filed a request for speedy trial on July 24, 2001, and filed a motion to dismiss for lack of speedy trial on May 27, 2003. The trial court denied the motion to dismiss, and defendant appealed. After we affirmed without opinion, the Oregon Supreme Court issued *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005), which explained that ORS 135.747[1] and ORS 135.750,[2] when read together, establish a two-step process for considering a motion to dismiss based on an alleged speedy trial violation. 339 Or at 87-91. First, if the length of delay before a defendant charged with a crime is brought to trial is greater than expected, the court must determine if the delay was reasonable. *Id.* at 88. The reasonableness of that delay, for purposes of ORS 135.747, "involves examination of all the attendant circumstances," including the causes of the delay. *Id.* Second, if the court has found the

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

[2] ORS 135.750 provides:

"If the defendant is not proceeded against or tried, as provided in ORS 135.745 and 135.747, and sufficient reason therefor is shown, the court may order the action to be continued and in the meantime may release the defendant from custody as provided in ORS 135.230 to 135.290, for the appearance of the defendant to answer the charge or action."

delay to be unreasonable, it may still allow the case to proceed under ORS 135.750, if "sufficient reason therefor is shown." *Id*. at 90. A "sufficient reason" for delay is one that has some relevance to, and does not essentially undermine, the overall purpose of the speedy trial statutes, which is to ensure that cases do not languish in the criminal justice system. *Id*. Thus, a trial court's discretion to continue an action under ORS 135.750 in spite of an unreasonable delay is limited to the extent that, based on the evidence before it, there is sufficient reason for the delay. *Id*. at 76. The court also stated that

"[f]inally, we find it significant that ORS 135.750 requires that the 'sufficient reason therefor' referred to in the statute be 'shown.' That wording indicates that, to the extent that the trial court determines that there is 'sufficient reason' for a delay, *such reason must, in one way or another, appear in the record*. Such a requirement seems incompatible with the idea that the existence of 'sufficient reason' is a matter of judicial discretion."

*Id*. (emphasis added). We understand the court to mean that the record must demonstrate the reasons stated for the delay before that delay may be attributed to a particular party.

■     Using the two-step process outlined above and based on the record before us, we conclude that the length of the delay in this case was unreasonable. We turn then to the second step of the analysis to determine if there appears on the record sufficient reason for the delay and if the trial court properly exercised its discretion based on that record to allow the case to proceed. Defendant filed a motion to dismiss for lack of speedy trial on May 27, 2003. The state did not file a written response or objection to defendant's motion, and the Oregon Judicial Information Network (OJIN) record does not reflect that a hearing was held regarding the motion. In a letter opinion, the trial court held that

"[t]his matter is before the Court on Defendant's Motion to Dismiss for denial of statutory right to a speedy trial. The parties submitted the matter on the record. Although there has been delay in the scheduling of this matter, a principal reason for that delay rests in the unavailability of [defendant's attorney] for hearings due to his extremely busy schedule. The Defendant's Motion is denied."

Because *Johnson* and *State v. Adams*, 339 Or 104, 116 P3d 898 (2005), were decided after the trial court ruled, it did not have the benefit of those cases in arriving at its decision and did not make a determination of whether "sufficient reason" existed pursuant to ORS 135.750 to continue the case. Similarly, the parties also did not have the benefit of those decisions when the trial court ruled on this matter. As a result, the record is inadequate for review. Under the circumstances, we hold that it is appropriate to remand the case to the trial court for consideration of that matter. *Cf. State v. Brunoe*, 204 Or App 749, 131 P3d 743 (2006) (holding that the trial court correctly considered the proper criteria under *Johnson* and *Adams*).

■ The state argues, in the alternative, that defendant consented to the delay between February 21 and August 15, 2002, when the trial was reset after the state filed a motion to continue. An affidavit attached to the motion stated that defendant's attorney had "no objection" to the motion. The state also argues that defendant consented to the delay when the trial was reset from April 1 to June 18, 2003, on the state's motion to continue. The affidavit attached to that motion stated that defendant's attorney took "no position" on the motion. However, as the court held in *Adams*, for purposes of the speedy trial statute, "consent" to delay does not include a mere failure to object:

> "[A] lack of objection is just (and only) that: a lack of objection. It conveys no message that the defendant either joins in the motion or waives any rights that he has that are affected by the motion. It follows that we agree with the Court of Appeals that, in this statutory context, a recital by the state that defense counsel has "no objection" is insufficient to place a defendant's express consent on the record[.]"

339 Or at 109. Because there is nothing in the record to show that defendant expressly or affirmatively consented to those delays, we cannot affirm on that ground.

Accordingly, we reverse and remand the case for the trial court to make the required determination under ORS 135.750. In the event that the trial court concludes that defendant's motion should be granted, it shall dismiss the

charge against him. In the event that the trial court denies defendant's motion, it shall order that defendant's conviction be reentered subject to his right of appeal.

Reconsideration allowed; former disposition withdrawn; reversed and remanded.