On appellant's petition for reconsideration filed December 13, 2005, resubmitted en banc January 10, reconsideration allowed; former opinion (201 Or App 546, 120 P3d 16 (2005)) adhered to March 22, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## CORY LYNN SCHNEIDER,
*Appellant.*

C002925CR; A118922

131 P3d 842

John Henry Hingson III for petition.

Before Brewer, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Schuman, Ortega, and Rosenblum, Judges.

LANDAU, J.

**LANDAU, J.**

Defendant petitions for reconsideration of our opinion, *State v. Schneider*, 201 Or App 546, 120 P3d 16 (2005), in which we held that—among other things—the trial court did not err in denying defendant's motion to dismiss on speedy trial grounds. According to defendant, our opinion erred in three respects.

First, defendant contends that we erred in holding him to his concession that the trial court correctly calculated the length of delay from the date of the filing of the indictment to the date of trial. *Id.* at 550-51. We noted that, at oral argument, defendant suggested that his concession was in error; we held that we would not entertain the new argument tendered for the first time at the podium. *Id.* Defendant now argues that we erred as a matter of fact, in that he did not actually raise the argument for the first time at oral argument but, instead, had raised the argument the day before oral argument and that, given that the law was in a "state of flux," he should not be penalized for having failed to raise the argument earlier. We reject the argument without further discussion.

Second, defendant contends that our opinion erred in concluding that, when the trial court postponed a pretrial conference for 60 days and defendant responded, "That works," the statement constituted consent to the delay. Defendant argues that, under *State v. Adams*, 339 Or 104, 116 P3d 898 (2005), saying "That works," is not sufficient to express the fact that defendant actually consents to the delay. In *Adams*, however, the court stated merely that a defendant saying that he or she merely "does not object" is not sufficient to express consent to a delay. *Id.* at 109.

■  Moreover, as we noted in *State v. Brunoe*, 204 Or App 749, 754-55, 131 P3d 743 (2006), whether a defendant has consented to delay must be determined by reference to the context in which such expressions as "that works" are stated. In this case, for example, unlike *Brunoe*, defendant had not previously moved for a speedy trial. In addition, defendant's statement that a later date "works" was precipitated by

*defendant's* complaint that an earlier date would not. We reject defendant's argument without further discussion.

Third, defendant complains that we erred in accepting his concession that the trial court properly deducted a five-month period of delay—from July 10 to December 11, 2001. As we noted in our opinion, the state had requested the delay, and defendant stated that he did not object to it. The trial court found that defendant had consented to that delay. In his motion to dismiss, defendant did not argue that the trial court erred in finding that he had consented to the delay. Nor did he argue that the trial court erred in excluding that five-month period for speedy trial purposes. Likewise, on appeal, defendant did not argue that the trial court had erred in finding that he had consented to the delay or that the court had erred in excluding the five-month period. To the contrary, defendant's arguments on appeal expressly noted that the trial court "correctly concluded that defendant acquiesced in five months and one day of the delay." In our opinion, we noted that fact: "The trial court concluded that defendant consented to that delay, and defendant does not argue to the contrary on appeal. We therefore deduct that period from the total period of delay." *Schneider*, 201 Or App at 553.

Defendant now argues that, although he said nothing about the issue at trial, and although he expressly conceded the point on appeal, in light of the Supreme Court's recent decision in *Adams* about the effect of merely not objecting to a delay, he should be permitted to withdraw his concession and—for the first time on reconsideration—advance a new position, namely, that the trial court committed "plain error" in finding that he had consented to the five-month delay.

We reject defendant's attempt to divorce himself from his express concession, particularly at such a late stage in the proceedings. We have held many times that a contention not raised in the brief on appeal will not be entertained for the first time on reconsideration. *Coast Range Conifers, LLC v. Board of Forestry*, 192 Or App 126, 130, 83 P3d 966 (2004), *rev'd on other grounds*, 339 Or 136, 117 P3d 990 (2005) ("The state's new argument is not jurisdictional in nature. Therefore, the argument may not be asserted for the

first time on appeal, much less for the first time in a petition for reconsideration."); *Kinross Copper Corp. v. State of Oregon*, 163 Or App 357, 360, 988 P2d 400 (1999), *rev den*, 330 Or 71 (2000) ("If a contention was not raised in the brief, * * * it is not appropriate to assert it on reconsideration."); *Bergman v. Holden*, 122 Or App 257, 260, 857 P2d 217, *rev den*, 318 Or 170 (1993) ("Ordinarily, a contention not raised in the original brief will not be considered on reconsideration."). In adhering to that rule, we have followed a long line of Supreme Court cases dating back more than a century, intended to "prevent a party from appealing in a piecemeal manner," to "keep[ ] a party from shifting its position," to "promote the finality of appellate courts' decisions, and to conserve judicial time." *Kentner v. Gulf Ins. Co.*, 298 Or 69, 74, 689 P2d 955 (1984). In this case, defendant's shifting position on appeal runs afoul of each of those policies.

Defendant argues that he should not be held to his earlier concession because to do so would result in this court misconstruing ORS 135.747. In this case, however, defendant never put into contention any issue—statutory construction or otherwise—about the five-month period from July to December 2001. Only now, after *Adams*, does defendant attempt to advance an entirely new issue for us to decide on the appeal. As we have noted, that we will not permit.

Defendant argues that it is unfair to refuse to permit him to take advantage of new case law, specifically, the Supreme Court's decision in *Adams*. Defendant fails to explain—and we do not understand—why he could not have made the same argument at trial and on appeal that the defendant in *Adams* did. We therefore decline to entertain his new argument for the first time on reconsideration.[1]

Reconsideration allowed; former opinion adhered to.

---

[1] In contrast, we remanded for reconsideration in *State v. Hickey*, 204 Or App 704, 708, 131 P3d 853 (2006), because the defendant in that case had not conceded to the trial court and to this court the issues that defendant in this case did.