Argued and submitted January 8, vacated and remanded February 28, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID CARL LARSEN,
*Defendant-Appellant.*

Josephine County Circuit Court
01CR0837; A127190

154 P3d 147

Andy Simrin argued the cause and filed the brief for appellant.

David B. Thompson, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals from his convictions for manufacture, delivery, and possession of marijuana, a controlled substance. The convictions followed the trial court's denial of his motion to dismiss based on an asserted violation of his guarantee of a speedy trial under ORS 135.747. After the judgment in this case, the Oregon Supreme Court decided cases definitively interpreting that statute. *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005); *State v. Davids*, 339 Or 96, 116 P3d 894 (2005); *State v. Adams*, 339 Or 104, 116 P3d 898 (2005). As we have recently observed, those cases set out a two-step analysis under the speedy trial statute:

> "ORS 135.747 and ORS 135.750 when read together, establish a two-step process for considering a motion to dismiss based on an alleged speedy trial violation. First, if the length of delay before a defendant charged with a crime is brought to trial is greater than expected, the court must determine if the delay was reasonable. The reasonableness of that delay, for purposes of ORS 135.747, 'involves examination of all the attendant circumstances,' including the causes of the delay. Second, if the court has found the delay to be unreasonable, it may still allow the case to proceed under ORS 135.750, if 'sufficient reason therefor is shown.' A 'sufficient reason' for delay is one that has some relevance to, and does not essentially undermine, the overall purpose of the speedy trial statutes, which is to ensure that cases do not languish in the criminal justice system. Thus, a trial court's discretion to continue an action under ORS 135.750 in spite of an unreasonable delay is limited to the extent that, based on the evidence before it, there is sufficient reason for the delay."

*State v. Hickey*, 204 Or App 704, 706-07, 131 P3d 853, *rev den*, 341 Or 245 (2006) (citations and footnotes omitted).

Because the trial court did not have the benefit of those cases, because properly applying them requires development of a fuller record, and because judicial review will be facilitated by findings addressing facts on which the Supreme Court's analysis focuses—in particular, on a determination of which party is responsible for the different periods of delay—we vacate the judgment and remand. *See, e.g.,*

*State v. Allen*, 205 Or App 219, 230, 134 P3d 976 (2006) (remanding ORS 135.747 case to trial court "to determine * * * the extent to which the delay * * * is attributable to either or both of the parties and, based on that determination, to decide whether [the] defendant was brought to trial 'within a reasonable period of time' ").

Vacated and remanded.