Argued and submitted January 30, 1989, affirmed May 23, 1990

# STATE OF OREGON,
*Appellant,*

*v.*

# LESLIE M. ANDERSON,
*Respondent.*

(87-5302, 87-5303, 87-5304,
87-5305, 87-5305; CA A48911)

792 P2d 451

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Henry M. Silberblatt, Salem, argued the cause for

respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## DEITS, J.

Defendant was charged with five counts of unlawful sale of fireworks. ORS 480.156; OAR 837-12-127.[1] The trial court granted defendant's motion to suppress sales records seized by a deputy state fire marshal from a fireworks stand managed by defendant. The state appeals the suppression order, arguing that the fire marshal had authority to conduct a search and seize the records and that even if a warrant was required to seize the documents, exigent circumstances justified the seizure. We affirm.

On June 23, 1987, Deputy State Fire Marshal Hurd and Chief Greis of the local fire protection district visited a wholesale fireworks stand managed by defendant. Their purpose was to advise him of the laws governing the sale of fireworks. Hurd gave defendant a copy of the statutes and regulations governing the sale of fireworks and told him that he would return later to inspect the sales records. On July 1, 1987, Hurd, Greis and another person from the fire protection district returned to the stand, and Hurd inspected the records that defendant produced, which indicated that a number of wholesale sales of fireworks to out-of-state residents had not complied with state law. Hurd advised defendant that he believed that the records disclosed violations of the law and that he needed to seize them as evidence. Over defendant's objections, Hurd took the records to his car, but, while he was preparing a receipt for them, one of defendant's employees took them back to the stand. A struggle ensued, and Hurd recovered only a portion of the records.[2]

■ ■ Defendant does not argue that the fire marshal's inspection of the records was unlawful.[3] He contends that,

---

[1] Violation of the provisions of ORS 480.156 is a Class B misdemeanor. ORS 480.990.

[2] Later the same day, Hurd returned to the stand and took fifty additional records. The state conceded at trial that that seizure was unlawful, and this appeal does not concern those records.

[3] OAR 837-12-125(5) authorizes the inspection of sales records:

"Each wholesaler shall keep a record of each sale, delivery, or out-of-state shipment of fireworks. The record shall include the identification of type and quantity of fireworks sold, name of purchaser, state of destination, state issuing license or permit and permit number or other identifying description, and date of issue of license or permit. Such records are to be kept at each place of business and subject to examination at reasonable hours by the State Fire Marshal or the local public fire official."

even if it was a proper administrative search, the fire marshal did not have authority to *seize* the evidence. We hold that, even assuming that the fire marshal's inspection was a lawful "administrative" search, the seizure was unlawful. Seizure in an administrative context must be specifically authorized. Here, there was no explicit authority for the fire marshal to seize the records in question.[4]

■ ■ However, the state contends that, even if the fire marshal did not have explicit authority to seize the documents and, therefore, a warrant was required, the evidence was nonetheless properly obtained, because there were exigent circumstances and probable cause. The trial court held that there were not exigent circumstances. We agree. The exigent circumstances exception to the warrant requirement recognizes that practical necessity may require that evidence be seized before a warrant can be obtained. Here, however, we do not believe that practical necessity existed. If Hurd was concerned that the records might be altered or destroyed before he could get a warrant, he could have had one of the two persons who accompanied him to the fireworks stand remain there, or he might have been able to obtain a telephonic warrant. Although that might have been an inconvenience or caused some delay, inconvenience and delay in obtaining a warrant do not, alone, justify a warrantless seizure. *State v. Price,* 92 Or App 669, 759 P2d 1130 (1988). The motion to suppress was properly granted.

Affirmed.

---

[4] The legislature has given specific authority to a number of administrative agencies to seize evidence of violations of statutes or regulations. *See e.g.,* ORS 506.690(1); ORS 619.036(2).