Argued and submitted May 27, reversed and remanded August 11, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TOBY S. KEADY,
*Defendant-Appellant.*

Marion County Circuit Court
08C46281; A140426

237 P3d 885

Steve P. Chez argued the cause and filed the brief for appellant.

Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from his conviction after a stipulated facts trial for possession of less than one ounce of marijuana, ORS 475.864(3). He assigns error to the trial court's denial of his motion to suppress evidence obtained during an inventory search of his car. We review for errors of law, *State v. Ehly*, 317 Or 66, 74-75, 854 P2d 421 (1993), and, for the reasons that follow, reverse and remand.

The relevant facts are few and undisputed. A police officer stopped defendant for a traffic violation in Salem and subsequently arrested him for giving false information regarding his insurance. Pursuant to a City of Salem policy, the officer, after determining that defendant's car had to be towed, inventoried its contents. During that inventory, the officer discovered a bottle labeled "fish oil" capsules under the driver's side car seat. The officer shook the container, and it made a "thunk" sound. The officer then opened the bottle and, inside, found a translucent prescription drug bottle containing a small amount of marijuana and a "roach clip." The officer subsequently cited defendant for possession of less than one ounce of marijuana.

Before trial on that charge, defendant moved to suppress the evidence discovered during the inventory. In his written memorandum in support of that motion, defendant argued that the officer's opening of the fish oil bottle and his inspection of its contents was an unlawful search because it violated the applicable policy governing inventories. That policy, City of Salem Directive 8.09, provided, in part:

> "The inventory will include opening of closed containers in the vehicle that are *designed to hold valuables*, including backpacks, fanny packs, briefcases, purses, consoles, glove box, trunk, and checking under seats."

(Emphasis added.) In particular, defendant contended that the policy, which permitted the opening and inspection of only those closed containers "designed to hold valuables," did not countenance the search of the fish oil bottle in this case. In a letter opinion, the trial court rejected defendant's motion, reasoning that "[t]he policy specifically directs the officer to check under the car seats" and that the officer who

completed the search "believed the container might contain something valuable." Defendant then proceeded to trial, where he stipulated to the aforementioned facts and was convicted.

■ On appeal, defendant renews the argument he made before the trial court. Accordingly, he does not dispute that his vehicle was lawfully impounded or contend that the City of Salem policy governing inventories is invalid. Rather, he contends only that the officer's opening and inspection of the fish oil bottle was not authorized under the policy, in that a fish oil container is not "designed to hold valuables"—and, consequently, the officer's conduct effectuated an unlawful search. For the reasons that follow, we agree.

■ Under Article I, section 9, of the Oregon Constitution, officers can inventory the contents of an impounded vehicle, provided that they do so in accordance with a valid statute, ordinance, or policy promulgated by politically accountable officials. *State v. Atkinson*, 298 Or 1, 6-7, 688 P2d 832 (1984). The purpose of an inventory is not to discover evidence, but, instead, to secure the owner's property while it is in police custody, discourage false claims against the police, and ensure officer safety. *Id.* at 7-8. To pass constitutional muster, the officers must lawfully impound the vehicle and conduct the inventory "pursuant to a properly authorized administrative program, designed and systematically administered so that the inventory involves no exercise of discretion by the law enforcement person directing or taking the inventory." *Id.* at 8, 10. Thus, "[i]f the evidence shows that the inventory deviated from the established policy or procedures of the particular law enforcement agency, the inventory should be deemed invalid." *Id.* at 10.

■■ Generally, police officers cannot open closed, opaque containers to inventory their contents. *State v. Guerrero*, 214 Or App 14, 19, 162 P3d 1048 (2007). Officers may, however, open and inventory closed containers designed for carrying money or valuables, if the applicable inventory policy so directs. *Id.* at 19-20. Pursuant to such policies, we have held that police may lawfully open fanny packs, *State v. Bean*, 150 Or App 223, 946 P2d 292 (1997), *rev den*, 327 Or 448 (1998), briefcases, *State v. Johnson*, 153 Or App 535, 958 P2d 887,

*rev den*, 327 Or 554 (1998), and a container that appeared to be a coin purse, *State v. Rutledge*, 162 Or App 301, 986 P2d 99 (1999). *See generally Guerrero*, 214 Or App at 19-20 (discussing case law).

■      At the same time, we have rigorously construed and applied inventory policies that permit inspection of closed containers "designed to hold valuables" as limited to their explicit terms. Thus, such a policy does not permit police to open closed containers which do not objectively "appear[ ] * * * to be intended or designed primarily to store valuables in the same manner as a wallet or purse[.]" *Rutledge*, 162 Or App at 308. For example, a policy that permitted officers to inventory the contents of "[p]urses, wallets * * * and other similar items *designed to contain valuables*" did not authorize the police to search a purse accessory that appeared to be a cosmetic bag. *State v. Swanson*, 187 Or App 477, 480, 68 P3d 265 (2003) (some emphasis omitted). In so holding, we reasoned that the dispositive inquiry was whether the container (the cosmetic bag) was *designed* to contain valuables— and not whether such items were often used to hold valuables. *Id.* at 484-85.

■      The same principle and analysis controls here. The City of Salem policy in this case authorized the officer to open only containers "designed to hold valuables," which included "backpacks," "fanny packs," "purses," and other like items. Here, it is undisputed that the container was a "fish oil capsule container"—which, most assuredly, is not "designed to hold valuables." It appears that the trial court might have determined that the inventory was nonetheless authorized because the officer "believed the container might contain something valuable." However, the officer's belief that the container *might contain* valuables is inapposite to whether it was *designed* to do so. *See Swanson*, 187 Or App at 484-85. Accordingly, the trial court erred in denying defendant's motion to suppress.

Reversed and remanded.