JAMES, J.
Defendant appeals a judgment of conviction for delivery and possession of methamphetamine, assigning error to the trial court's denial of her motion to suppress evidence that police officers obtained from an inventory of her impounded vehicle. Defendant argues that the officers unlawfully impounded her vehicle under ORS 809.720, because they did not have probable cause to believe that she was driving without insurance and, therefore, the resulting inventory search was invalid. We agree, and, accordingly, reverse.
On review, we are bound by the trial court's factual findings if there is evidence in the record to support them. State v. Ehly , 317 Or. 66, 75, 854 P.2d 421 (1993). We review the trial court's legal conclusions as to the lawfulness of an inventory for legal error. State v. Bean , 150 Or. App. 223, 225, 946 P.2d 292 (1997), rev. den. , 327 Or. 448, 966 P.2d 222 (1998).
*135 Late one evening, two Portland Police Officers, Officer Britt and Officer Mawdsley, were monitoring an auto body shop in Portland from their unmarked car because they suspected that the shop was involved in drug activity. Shortly after midnight, the officers saw defendant leave the shop's driveway in a 2004 Mazda RX8. Defendant committed a traffic infraction before entering Powell Boulevard. The officers followed her for nine blocks while verifying the vehicle registration and license plate information. When the officers pulled her over, defendant stopped in the right west-bound lane of Powell Boulevard, blocking the lane.
Britt approached the driver's side of the vehicle, while Mawdsley approached the passenger's side. Britt asked defendant if she had a valid driver's license and she said, "Yes" and began looking through her wallet. He also asked her if she had valid insurance and she responded, "I do." She handed Britt a valid driver's license and a card that included a toll-free number for Nationwide Insurance, an account number, and her name, but no indication of a time period for insurance coverage nor a reference to any vehicle insured. The officers verified that there were no outstanding warrants and that her license was valid.
Britt explained to defendant that the card was not valid proof of insurance under Oregon law, because it did not include the vehicle information and the dates of coverage. He asked if he could search her vehicle and defendant refused. As she continued to look through her purse, she handed Britt a State Farm Insurance card that identified a different vehicle, a 1995 Honda Civic, which appeared to indicate coverage in effect at that time as well as a State Farm Insurance card for a 1991 Mazda, which indicated coverage no longer in effect. She said she had just switched insurance companies. The record does not show that defendant elaborated or offered Britt any explanation about the other vehicles or when she had purchased the Mazda RX8 that she was driving.
Britt walked back to the patrol car to hand Mawdsley defendant's license and Mawdsley continued processing the initial traffic ticket. Britt returned to defendant's car, where defendant was talking on the telephone with her attorney. Defendant told Britt to call the toll-free number on the Nationwide card, saying, "you can look it up, I have insurance." Britt explained to her that "it is the driver['s] responsibility to carry proof that they have insurance." Britt did not call Nationwide to determine whether defendant had valid insurance for the vehicle because, as he later explained, "it can be hearsay in the courtroom, and also, it takes a substantial amount of time sometimes to get ahold of insurance companies. Sometimes they're not open in the middle of the night."
Britt concluded that defendant did not have insurance for the vehicle she was driving that night based on her inability to provide proof of insurance for the vehicle that she drove, that she instead provided an insurance card for the wrong vehicle, and that she provided an expired card for another vehicle. He cited her for driving uninsured. See ORS 806.010 (offense of driving uninsured)[1] ; see also ORS 806.011 (requirement to carry proof of insurance).[2] Because he had cited her and the car was stopped in the lane of travel, Britt impounded the vehicle pursuant to ORS 809.720 and the Portland Police Policy and Procedure Manual (Police Manual).
*136 [3] The officers conducted an inventory prior to the tow and found methamphetamine in the glove box. Defendant was arrested and charged with unlawful delivery of methamphetamine, ORS 475.890, and unlawful possession of methamphetamine, ORS 475.894.
At the suppression hearing, defendant argued that the officers did not have the authority to impound the vehicle and, as a result, the inventory search was unlawful under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. Defendant stressed that ORS 809.720 requires "probable cause" to believe that a driver is driving uninsured in violation of ORS 806.010 in order to lawfully impound a vehicle for that traffic offense. In her view, under ORS 806.011, her failure to show proof of valid insurance was merely described as "reasonable grounds" for the officer to believe she was driving without insurance but that the circumstances did not actually give rise to objective probable cause. Defendant concluded that, because the officers lacked probable cause to believe she was driving without insurance, they lacked the authority to impound her vehicle under ORS 809.720, such that the evidence discovered during the inventory should be suppressed.
The state countered that the officers had the authority to impound and tow defendant's vehicle under ORS 809.720, because the officers had probable cause to believe she was driving uninsured. Alternatively, the state argued that, even if there was not probable cause of driving uninsured, the Police Manual authorizes impoundment when a driver has been cited for driving uninsured or if a vehicle is impeding traffic.
The trial court found that Britt subjectively believed that defendant was driving uninsured. It determined, however, that the officers did not have objective probable cause to believe that defendant was driving uninsured and, as a consequence, ORS 809.720 would not authorize the impound. Going on, the trial court determined that the Police Manual authorized the officers to impound the vehicle, because the vehicle was blocking traffic and the officers had reasonable grounds to believe that defendant did not have insurance, so they could not allow defendant to drive the vehicle. In the end, the trial court concluded that the inventory was valid. Defendant was convicted as charged.
The parties renew their arguments on appeal. Specifically, the parties frame the narrow issue as whether the officers had the authority to impound defendant's vehicle. The primary dispute between the parties is whether ORS 809.720 authorized the officers to impound defendant's vehicle, which depends on whether the officers had probable cause to believe that defendant was driving uninsured. We understand the state to argue alternatively that the Police Manual authorized the impound because defendant's vehicle was impeding traffic and the officers could lawfully prohibit defendant from driving the vehicle because the officers had reasonable grounds to believe she was driving uninsured.
So framed, the central issue in this case is whether the seizure of the vehicle was lawful. Under Article I, section 9, of the Oregon Constitution, warrantless seizures are per se unreasonable unless they fall within "one of the few 'specifically established and well-delineated exceptions' to the warrant requirement."[4] State v. Davis , 295 Or. 227, 237, 666 P.2d 802 (1983). The state has the burden of showing that circumstances existing at the time of the warrantless seizure allow the state to "invoke one of these exceptions." Id .
*137 Under ORS 809.720, a police officer is authorized to impound a vehicle if the officer has "probable cause" to believe that the person has committed the offense of driving uninsured. An officer has probable cause to believe that a traffic violation has occurred when the officer's subjective belief is "objectively reasonable under the circumstances." State v. Matthews , 320 Or. 398, 403, 884 P.2d 1224 (1994) ; see State v. Owens , 302 Or. 196, 204, 729 P.2d 524 (1986). "The belief must be that it is more likely than not that [an offense] has been committed." State v. Spruill , 151 Or. App. 87, 90, 948 P.2d 726 (1997). The burden is on the state to establish "that the facts objectively are sufficient to establish probable cause." State v. Miller , 345 Or. 176, 186, 191 P.3d 651 (2008).
On this record, we agree with the trial court that the state did not meet its burden to establish probable cause of driving uninsured, ORS 806.010. At the time of the encounter, the officers knew that defendant had a valid driver's license and that she was driving a lawfully registered vehicle. She provided the officers with an insurance card with a known insurance carrier that listed her name, an account number, and a toll-free telephone number. Although that card did not satisfy the requirements of ORS 806.011, in that it did not include a description of the vehicle or an expiration date, nothing about the card indicated that it was fraudulent. Defendant also provided the officers with a valid insurance card for a different vehicle and an expired card for another vehicle. Finally, defendant repeatedly invited the officers to contact her insurance carrier and insisted that the insurance carrier would verify that she was insured. Without doubt, those facts would suffice to show probable cause of the offense of failure to carry proof of insurance, ORS 806.012.[5] But, viewed in its totality, this information does not rise to the level of probable cause-i.e ., more likely than not -that defendant was driving uninsured, a violation of ORS 806.010.
We, therefore, turn to the state's alternative argument. There, the state argues that the officers had "reasonable grounds" to believe defendant was driving uninsured and were, therefore, authorized to cite her for that. Further, the officers were complying with the Police Manual requirement that all cars were to be towed when the driver was cited for driving uninsured.
That argument grounds itself to the "administrative seizure" exception to the warrant requirement. That exception recognizes that police officers have occasions to take custody of personal property for reasons that are unrelated to any criminal investigation. In such cases, police officers "have an administrative or civil duty, authority or responsibility to take custody of personal property." State v. Atkinson , 298 Or. 1, 8, 688 P.2d 832 (1984) (discussing a statute authorizing police to take custody of "abandoned" vehicles). An administrative seizure "must be specifically authorized" by law. State v. Anderson , 101 Or. App. 594, 597, 792 P.2d 451 (1990). In this case, the state relies on our decision in State v. Penney , 252 Or. App. 677, 682, 288 P.3d 989 (2012), for the proposition that the Police Manual requirement of towing a vehicle whenever an individual is cited for driving uninsured sufficed as the legal authorization that is the necessary predicate to an administrative seizure. The state misreads Penney .
In Penney , we noted that the Portland Police Bureau Policy and Procedure statement required that " 'a vehicle shall be towed when * * * [the d]river has been cited for Driving Uninsured under ORS 806.010.' " 252 Or. App. at 678-79, 288 P.3d 989 (alteration in Penney ). However, in Penney the sole challenge on appeal was whether the policy was "unconstitutional because it allows officers to choose whether to cite a driver for driving uninsured (requiring that the vehicle be towed) or for failure to carry proof of insurance (not requiring a tow)", thus inserting an improper level of discretion into the process and rendering a subsequent inventory invalid *138 under Atkinson . Penney, 252 Or. App. at 681-82, 288 P.3d 989. Notably, Penney did not present the question of whether the Policy Manual could lawfully authorize the towing of a vehicle if the driver was cited for a violation of ORS 806.010 on a standard less than probable cause. It cannot.
Oregon law requires drivers to carry proof of insurance in the vehicle and to show it to a police officer when asked. ORS 806.011. Failure to do so is "reasonable grounds for the officer to believe" that the person has committed the offense of driving uninsured. ORS 806.011(3). As we have stated in other statutory contexts, the legislature's use of the term "reasonable grounds" means "a quantum of information less than that necessary to establish 'probable cause.' " State v. Gulley , 324 Or. 57, 65, 921 P.2d 396 (1996) (emphasis in original).
Thus, there is a tension between ORS 806.011(3), which appears to permit a citation for driving uninsured on less than probable cause, and ORS 809.720, which makes clear that a vehicle can be impounded only if the officer has "probable cause" to believe that the person has committed the offense of driving uninsured. Overlaying that statutory tension is Article I, section 9, of the Oregon Constitution, which requires probable cause for a person to be stopped for a traffic infraction. State v. Soldahl , 331 Or. 420, 423 n. 2, 15 P.3d 564 (2000) (noting that "the Oregon Constitution requires an officer to have probable cause before making a stop for a traffic infraction" and citing Matthews , 320 Or. at 402-03, 884 P.2d 1224 ). Likewise, Article I, section 9, requires probable cause to seize a person's property. State v. Barnthouse , 271 Or. App. 312, 324, 350 P.3d 536 (2015), aff'd on other grounds , 360 Or. 403, 360 P.3d 403 (2016) ("A seizure or search is unreasonable if it is not authorized by a warrant (supported by probable cause) or otherwise justified under an exception to the warrant requirement.").
The state cannot ground an administrative seizure on a policy that requires the towing of a vehicle when the driver is merely cited for driving uninsured, unless that citation is based on probable cause. Any lesser standard would contradict both ORS 809.720 and Article I, section 9, of the Oregon Constitution. Here, having previously concluded, as did the trial court, that the officers did not have objective probable cause to believe that defendant was driving uninsured, we also conclude that the officers could not lawfully seize defendant's vehicle. Accordingly, the resulting inventory of its contents violated Article I, section 9, and was invalid.
Reversed and remanded.

In relevant part, ORS 806.010(1) provides:
"A person commits the offense of driving uninsured if the person operates a motor vehicle in this state on any highway or premises open to the public in this state without either:
"(a) The person being insured while driving the vehicle under a motor vehicle liability insurance policy that meets the requirements described under ORS 806.080 [.]"

In relevant part, ORS 806.011 provides:
"(1) Proof of insurance issued as provided in ORS 742.447, or other current proof of compliance with financial or future responsibility requirements approved by rule by the Department of Transportation, shall be carried in each motor vehicle that is operating in this state and that is not exempt from compliance with financial or future responsibility requirements.
" * * * * *
"(3) Failure of the driver of a motor vehicle to show proof of insurance or other proof of compliance when asked to do so by a police officer is reasonable grounds for the officer to believe that the person is operating the vehicle in violation of ORS 806.010."

In relevant part, ORS 809.720(1) provides:
"A police officer who has probable cause to believe that a person, at or just prior to the time the police officer stops the person, has committed an offense described in this subsection may, without prior notice, order the vehicle impounded until a person with right to possession of the vehicle complies with the conditions for release or the vehicle is ordered released by a hearings officer. This subsection applies to the following offenses:
" * * * * *
"(d) Driving uninsured in violation of ORS 806.010."

Article I, section 9, provides, in part, "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

In relevant part, ORS 806.012 provides:
"(1) A person commits the offense of failure to carry proof of compliance with financial responsibility requirements if the person operates a motor vehicle in this state and does not have in the vehicle current proof of compliance with financial responsibility requirements."