On respondent's petition for reconsideration filed September 4, and appellant's response to respondent's petition for reconsideration filed September 30, 2019; reconsideration allowed, former opinion (298 Or App 377, 447 P3d 7) adhered to March 4, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY LENAIRE CURRY,
*Defendant-Appellant.*

Washington County Circuit Court
C142231CR; A160845

461 P3d 1106

Janelle F. Wipper, Judge.

Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, for petition.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, for response.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

PER CURIAM

Reconsideration allowed; former opinion adhered to.

## PER CURIAM

The state has petitioned for reconsideration of our decision in *State v. Curry*, 298 Or App 377, 447 P3d 7 (2019). We allow reconsideration to clarify that an ostensible factual error identified by the state does not alter the analysis in our decision, reject the other arguments made by the state, and adhere to our decision.

In *Curry*, we concluded that the trial court erred when it overruled defendant's challenge under *Batson v. Kentucky*, 476 US 79, 106 S Ct 1712, 90 L Ed 2d 69 (1986), to the prosecutor's exercise of a peremptory strike against an African-American juror, and reversed for that reason. *Curry*, 298 Or App at 379-80. In its petition, the state raises new arguments that bear little resemblance to those made by the state below or in its appellate brief as to why it is not inferable that the prosecutor's exercise of the peremptory was not impermissibly based on race.[1] Those arguments, in the main, come too late as a matter of appellate procedure. *State v. Schneider*, 204 Or App 710, 713-14, 131 P3d 842, *rev den*, 341 Or 392 (2006) ("We have held many times that a contention not raised in the brief on appeal will not be entertained for the first time on reconsideration."). Further, to the extent the arguments suggest potential nonpretextual justifications for the prosecutor's strike that were not articulated by the prosecutor himself, those arguments come too late as a matter of *Batson* procedure.

> "A *Batson* challenge does not call for a mere exercise in thinking up any rational basis. If the stated reason does not hold up, its pretextual significance does not fade because a trial judge, or an appeals court, can imagine a reason that might not have been shown up as false."

*Miller-El v. Dretke*, 545 US 231, 252, 125 S Ct 2317, 162 L Ed 2d 196 (2005).

---

[1] For example, the state argues that, because the stricken juror would otherwise have been the alternate, we should not have compared that juror with the two similarly-situated jurors who were empaneled. But the state itself invited that very comparison both in the trial court and in its appellate brief. Not once until its petition for reconsideration did the state suggest that the juror's status as an alternate should bear on the analysis.

The state also suggests that reconsideration is warranted because the decision rests on a factual error. The state points out that the opinion refers to the fact that the prosecutor did not exercise a peremptory challenge against Sarah, one of the jurors who was similarly situated to the juror who was stricken. *See Curry*, 298 Or App at 386. The state observes that both sides had used up all of their peremptories by the time that Sarah was seated and, thus, to the extent that our opinion implies that the prosecutor, in fact, had a peremptory available to use against Sarah, it is factually erroneous. Defendant agrees that the record reflects that all peremptories had been used by the time Sarah was seated, but argues that that fact does not alter the ultimate inference that the prosecutor's reasons for striking the African-American juror were pretexts for race-based discrimination, and does not otherwise change the analysis in the opinion. We allow reconsideration to clarify that, to the extent the opinion might be read to rest specifically on the fact that the prosecutor, in fact, had a peremptory to exercise against Sarah, it does not.

Reconsideration allowed; former opinion adhered to.