No. 976 November 13, 2025 771

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY LENAIRE CURRY,
*Defendant-Appellant.*

Washington County Circuit Court
C142231CR; A181628

Janelle F. Wipper, Judge.

Argued and submitted September 8, 2025.

Emily P. Seltzer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Appellant filed the supplemental briefs *pro se*.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

This criminal case is before us for the second time following the remand required by *State v. Curry*, 298 Or App 377, 379, 447 P3d 7 (2019), *adh'd to on recons*, 302 Or App 640, 461 P3d 1106 (2020) (*Curry I*). In this appeal, defendant seeks the reversal of his seven convictions for using a child in a display of sexually explicit conduct, ORS 163.670, or, alternatively, a remand for resentencing. In eight counseled assignments of error, he makes two arguments: (1) that the trial court erred in denying his motion to suppress, and (2) that it imposed constitutionally disproportionate sentences on his seven convictions. Defendant also presents five supplemental *pro se* assignments of error. As we explain, we agree that the trial court erred in denying the motion to suppress, and we reverse and remand for further development of the record. Based on that resolution, we do not reach the sentencing issues. To the extent that they do not overlap with the issues already mentioned, we reject defendant's *pro se* assignments of error.

*Motion to Suppress.* The parties agree that the merits of the suppression issue are controlled by our decision in *State v. Curry*, 336 Or App 72, 560 P3d 694 (2024) (*Curry II*), which concerned a parallel prosecution in a different county involving the very same warrant at issue in this case. There, we held that the warrant contained a number of overbroad or insufficiently particular terms, *id.* at 86-88, and that holding controls here given that it is the same warrant. The only question remaining for us here is the appropriate remedy—specifically, whether or not the state may have the opportunity on remand to produce evidence showing that some of the evidence discovered during the search of defendant's residence was untainted by the invalid portions of the warrant. We conclude that the state should have that opportunity.

In *Curry II*, we remanded for further development of the record "[b]ecause the state did not have an opportunity to develop a factual record on the question whether the challenged evidence was untainted by the insufficiently particular search categories." *Id.* at 90 (internal quotation marks omitted). The state argues that the remedy should be the same in this case given that it arose in substantially similar

circumstances. Defendant disagrees, arguing that the state of the law was distinctly different by the time of the suppression motion in this case. Specifically, defendant argues that, at that point in time, our decision in *State v. Turay*, 313 Or App 45, 493 P3d 1058 (2021), *aff'd in part, rev'd in part*, 371 Or 128, 532 P3d 57 (2023)—which published after the suppression hearing at issue in *Curry II*—put the state on notice that it needed to produce an evidentiary record sufficient to establish whether any evidence discovered in defendant's residence was untainted by the invalid terms in the warrant. Having failed to do so, defendant argues, the state should not get a second bite at the apple. The state disagrees that our decision in *Turay* was sufficient to put the state on notice. It argues that it was not until the Supreme Court's decision in *Turay*, or perhaps even our decision in *Curry II*, that the state would have known the steps it needed to take.

We acknowledge that this is a close question. On the one hand, we agree with defendant that—especially with the benefit of hindsight—our opinion in *Turay* suggested that the state needed to develop an evidentiary record establishing whether the evidence in question was discovered while executing valid portions of the warrant. On the other hand, we are mindful of the fact that we *are* operating with the benefit of hindsight and that the parties were litigating the issue in the midst of a rapidly evolving area of the law, which continued to change even after the motion hearing. For instance, in our *Turay* opinion, we applied our longstanding severability doctrine, whereas the Supreme Court's opinion disapproved of that doctrine. *Turay*, 371 Or at 163-66. Furthermore, at the time of defendant's suppression hearing, cases made a strong distinction between physical and digital evidence, leaving some room to question whether and how rules established in cases about digital evidence applied to physical evidence. Thus, we felt the need in *Curry II* to state explicitly that the Supreme Court's analytical framework announced in *Turay* "appl[ies] equally to warrants to search physical places for physical items and to warrants for digital data." 336 Or App at 90.

Of course, the parties and the trial court lacked the benefit of either the Supreme Court's *Turay* opinion or *Curry*

*II*, and our review of the record leads us to believe that nei-
ther the state nor the trial court properly understood the
need for a developed factual record that is now required
under the current state of the law. That is to say, although
defendant does make a persuasive argument that the state
should have known that it needed to develop a factual record
as to how the search of defendant's residence was conducted,
we are not convinced that the state of the law was so clear
that we should deviate from the remedy set forth in *Curry II*.
Therefore, we reverse the judgment and remand for devel-
opment of that record and for the trial court to determine
which, if any, of the challenged evidence must be suppressed
under Article I, section 9.

*Supplemental* Pro Se *Assignments of Error.*
Defendant raises five supplemental *pro se* assignments of
error, which we address briefly in turn.

First, as we understand it, defendant argues that
our decision in *Curry I* rendered his original judgment of
conviction void and that, for that reason, he was not prop-
erly subject to a retrial on remand. We reject that argument
because *Curry I* reversed and remanded his case such that
the state was permitted to pursue a new trial.

Second, defendant challenges the denial of his
motion to set aside the indictment. He argues that the
grand jury notes reflect that no witnesses appeared before
the grand jury on the day that it returned a true bill and,
thus, that the indictment cannot be valid. However, as the
trial court found, the record shows that the state presented
multiple witnesses to the grand jury, which returned a true
bill under a different case number. A couple of weeks later, a
prosecutor asked the grand jury—still composed of the same
jurors—to issue a new indictment under a new case number
to fix a typo in the original indictment. The state presented
no new witnesses at that time, which explains why the
grand jury notes record that no witnesses were presented.
Therefore, contrary to the thrust of defendant's argument,
the grand jury did not return a true bill in the total absence
of witness testimony. That testimony was simply produced
at the first grand jury proceedings and not repeated at the
second. On appeal, defendant has failed to convince us that

there is a statutory or constitutional prohibition on the procedure used in this case to fix a typo by issuing a new indictment under a new case number. Although defendant argues in his *pro se* reply brief that the operative indictment violated ORS 132.550(8) because it does not list the dates of all grand jury proceedings, that is not a statutory basis to set aside an indictment, ORS 135.510, nor has defendant established that it is a constitutional basis for doing so.

Third, defendant argues that the trial court erred in denying his motion to dismiss on double jeopardy grounds. We reject that argument for the same reasons explained in *Curry II*, 336 Or App at 95-96.

Fourth, defendant argues that the trial court erred in failing to instruct the jury on every element of the crimes, reasoning that the state had to prove that he employed, authorized, permitted, *and* compelled the complainant to dance at a strip club. However, the statute, ORS 163.670(1)(a), lists those actions in the disjunctive. Thus, the court had to instruct on and the jury had to concur on only one action proscribed by that statute—not all of them.

Finally, defendant's last supplemental *pro se* assignment of error mirrors that of his first counselled assignment of error and thus is resolved by our discussion above.

Reversed and remanded.